UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERMAINE CARL DAVIS,

Plaintiff,

v.                                              CAUSE NO. 3:25-CV-364-PPS-AZ

JOSEPH SCHNEIDER,

Defendant.

OPINION AND ORDER

Jermaine Carl Davis, a prisoner without a lawyer, filed a second amended

complaint (ECF 19) after I determined his amended complaint failed to state any claims.

*See* ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the

merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.

Davis, who is currently incarcerated at the Indiana State Prison, filed a grievance

on January 21, 2025, because "a steel shelf fell on me and injured me." ECF 19 at 2. He

filed another grievance about the shelf on February 3, 2025. The next day, his cell was

shaken down. He claims an unnamed officer planted a weapon in his cell in retaliation

for filing grievances against his coworkers, so he was sent to lockup. On February 7,

2025, Unit Team Manager Joseph Schneider, who supervises Davis's employment as a suicide companion within the prison, "wrote me a false bad work evaluation and fired me from my job in retaliation for filing grievances against his co-workers." *Id*. Davis takes issue with this because the evaluation was filed before the disciplinary hearing related to the conduct report was completed. He believes he "could've got the write-up reduced to a C write-up or even dismissed, but he didn't wait for the outcome before he retaliated against me." *Id*.[1] Davis has sued UTM Schneider for monetary damages.

Davis has no liberty or property interest in a prison job, and being deprived of a job does not violate his procedural due process rights. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *see also Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000). That said, the First Amendment prohibits some actions taken by state officials that are not, by themselves, illegal, but cannot be taken in retaliation for the exercise of protected First Amendment activity. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) ("Even though some of these allegations would likely not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983."). To proceed on a claim for retaliation under the First Amendment, Davis must plausibly allege "(1) that he engaged in protected First Amendment activity; (2) that an adverse action was taken against him, and (3) that his protected conduct was at least a factor that motivated the adverse action." *Adams v.*

---

[1] Davis doesn't, however, allege it actually *was* reduced or dismissed — in fact, in his amended complaint, he admitted he was "found guilty" on February 27, 2025. *See* ECF 7 at 2.

*Reagle*, 91 F.4th 880, 887 (7th Cir. 2024); *see also Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

Here, Davis adequately alleges he engaged in First Amendment protected activity by filing the shelf grievances. *See Gomez*, 680 F.3d at 866 (grievance qualifies as "protected activity"). He also alleges he was subjected to an adverse action when he was fired from his suicide companion job. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (losing one's source of income is an action that "would likely deter a person of ordinary firmness from continuing to engage in protected activity") (quotation marks omitted)). As to whether the shelf grievances were a motivating factor in his firing, Davis asserts he was terminated from his suicide companion job just three days after he filed the last shelf grievance and that UTM Schneider knew about those grievances because he "is a high ranking employee at Indiana State Prison and therefore he has full knowledge when inmates have complaints against his co-workers." ECF 19 at 4. *See Bless v. Cook Cnty. Sheriff's Off.*, 9 F.4th 565, 572 (7th Cir. 2021) (timing can give rise to inference of causation if the adverse action "follows close on the heels of protected expression" *and* the plaintiff "show[s] that the person who decided to impose the adverse action knew of the protected conduct"). Davis further alleges: (1) he received the poor performance evaluation outside the period he normally received his annual reviews; (2) the termination occurred before the disciplinary proceedings had concluded; (3) UTM Schneider subjected him to similar retaliatory action two years ago when he became aware Davis threatened to file a grievance against his co-worker; and (4) three prison officials warned Davis that UTM Schneider "told them that he will

3

retaliate against me for filing grievances against him and his coworkers and they all said Joseph Schneider is out for me for trying to start a lawsuit." ECF 19 at 7. Reading these allegations together, presuming they are true, and giving Davis the benefit of all inferences as I must do at this early screening stage, I find that Davis has alleged sufficient facts from which to support an inference of retaliatory motive. *See, e.g., Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020) (plaintiff may use circumstantial evidence such as "suspicious timing, ambiguous statements, behavior, or comments directed at others in the protected group" to show the required "causal link" between the protected activity and the adverse action) (cleaned up)). As such, Davis has stated a plausible retaliation claim against UTM Schneider.

Accordingly:

(1) Jermaine Carl Davis is GRANTED leave to proceed against Unit Team Manager Joseph Schneider in his individual capacity for compensatory and punitive damages for retaliating against him in violation of the First Amendment when he terminated Davis on February 7, 2025, because of the shelf grievances Davis submitted on January 21, 2025, and February 3, 2025;

(2) All other claims are DISMISSED;

(3) The clerk is DIRECTED, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Unit Team Manager Joseph Schneider at the Indiana Department of Correction, with a copy of this order and the second amended complaint (ECF 19);

4

(4) The Indiana Department of Correction is ORDERED to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) Unit Team Manager Joseph Schneider is ORDERED, under 42 U.S.C. § 1997e(g)(2), to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: March 17, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT